UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RICKEY EVANS (#108026)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

　　　　　　　　　　　　　　　　　　　　　　　　　**19-594-JWD-RLB**

**DAMON TURNER, ET AL.**

**NOTICE**

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on September 16, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RICKEY EVANS (#108026)**                             **CIVIL ACTION**

**VERSUS**

                                                                              **19-594-JWD-RLB**

**DAMON TURNER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, a person confined at the Louisiana State Penitentiary ("LSP") filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Damon Turner, Catherine White, Sgt. Austin, Camp C A-Team Supervisors, Darrel Vannoy, and James LeBlanc complaining that his constitutional rights have been violated due deliberate indifference to his health and safety.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.

Defendants Sgt. Austin and Camp C A-Team Supervisors have not been served. *See* R. Doc. 20. On July 2, 2020, the Court issued an Order granting the plaintiff's Motion (R. Doc. 19) for Extension of Time, and the plaintiff was granted and additional 45 days to effect service. *See* R. Doc. 22. On July 28, 2020, the plaintiff filed a Motion for Full Names and Current Addresses. *See* R. Doc. 27. The Court thereafter issued an Order denying the plaintiff's Motion and advising the plaintiff to file Interrogatories directed towards the other defendants to obtain the requested information. *See* R. Doc. 31.

On August 3, 2021, the plaintiff was ordered to show cause in writing why his claims against defendants Sgt. Austin and Camp C A-Team Supervisors should not be dismissed for failure to serve these defendants within the time allowed by Rule 4. Plaintiff was specifically informed that

although he may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to effectuate such service. *See* R. Doc. 41.

On August 27, 2021, Plaintiff respond to the Court's show cause order. (R. Doc. 43). The plaintiff asserts that he believed the proper way to obtain the needed information was by way of the motion (R. Doc. 27) he filed in July of 2020, and that if the Court had granted the motion, he would have obtained the information needed. The plaintiff does not address that the Court specifically advised in the Order denying his motion:

> As noted in this Court's Order dated January 22, 2020, "a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response." *See* R. Doc. 13. Plaintiff should direct this inquiry to opposing counsel in the form of Interrogatories. Counsel for the defense may provide the names of the individuals identified but may file any address for service under seal.

Despite this Court's Order (R. Doc. 31) over a year ago specifically informing him how to obtain the necessary information, the plaintiff took no further action to effectuate service on defendants Sgt. Austin and Camp C A-Team Supervisors. As such, the plaintiff's claims against these defendants should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendants Sgt. Austin and Camp C A-Team Supervisors be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on September 16, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**