## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)  CIVIL ACTION

VERSUS  19-594-JWD-RLB

DAMON TURNER, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 27, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)                                    CIVIL ACTION

VERSUS                                                    19-594-JWD-RLB

DAMON TURNER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court for review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The *pro se* Plaintiff, a person confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Damon Turner, Catherine White, Sgt. Austin, Camp C A-Team Supervisors, Darrel Vannoy and James LeBlanc, complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to his health and safety[1]. He seeks monetary, declaratory, and injunctive relief.

In his Complaint, Plaintiff alleges that on November 12, 2017, an excessive and unnecessary amount of chemical agent was sprayed onto the open tier of Camp-C Jaguar where the plaintiff was housed. Another inmate had requested to be seen by a social worker and his request was denied by defendant Catherine White. When defendant Damon Turner arrived on the unit, defendant White encouraged defendant Turner to spray a chemical agent on the inmate. Sgt. Austin was present and failed to intervene. Plaintiff loudly informed defendant Turner that his medical duty status prohibited him from exposure to chemical agents and held a copy of his duty status out of the cell bars for defendant Turner to read. Defendant Turner ignored the plaintiff and sprayed chemical agent on the tier causing vomiting, dry-heaving, pain and burning to the plaintiff's throat, esophagus, and stomach, burning and itching skin, eye irritation, headaches, and dizziness.

---

[1] The plaintiff's claims against defendants Sgt. Austin and Camp C A-Team Supervisors were previously dismissed. *See* R. Doc. 50.

In the defendant's Answer (R. Doc. 25, p. 1) and Proposed Pretrial Order (R. Doc. 49, p. 3) the defense of prescription is raised. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court shall dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). In the instant matter, the plaintiff's claims are prescribed therefore plaintiff fails to state a claim upon which relief may be granted.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[2] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's complaint reflects that more than a year has passed since the events

---

[2] *See* La. Civ. Code Art. 3456

complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by Plaintiff occurred on November 12, 2017, by which date Plaintiff was possessed of sufficient information to place him on notice of the existence of his cause of action regarding the use of excessive force by Defendant Turner. Accordingly, Plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that Plaintiff may have had against Defendant arising out of the incident complained of would have prescribed no later than November 12, 2018, the one-year anniversary of the incident. Since the Plaintiff did not file his federal Complaint until September 4, 2019, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred.

However, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against Plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension

is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing to the events of November 12, 2017, the Court has concluded that Plaintiff's claim accrued, and the one-year limitations period commenced to run, on that date. The record reflects that Plaintiff submitted a request for administrative remedy to prison officials thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that Plaintiff's grievance is hand-dated February 6, 2018. *See* R. Doc. 26-1, p. 6. As such, 86 days elapsed between the occurrence of the event complained of and the filing of Plaintiff's first administrative grievance.

Plaintiff's administrative proceeding remained pending, and thereby suspended the running of the limitations period, until those proceedings were concluded by Plaintiff's receipt of the final agency response. *See* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed"). Accordingly, the applicable limitations period began to run again on that date.

In the instant matter, Plaintiff signed for receipt of the final agency response on September 5, 2018. *See* R. Doc. 26-1, p. 2. At that time, 279 days remained in the limitations period, and Plaintiff had until June 11, 2019, to timely file his Complaint. The plaintiff's Complaint was signed and dated by him on September 4, 2019. *See* R. Doc. 1, p. 14. Accordingly, it appears the Complaint was not filed within the one-year limitations period; therefore, on the record before the Court, the plaintiff's claims are prescribed and should be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the court has original jurisdiction, if the court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on October 27, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, " In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."